[Civ. No. 575.   Third Appellate District.—November 16, 1909.]

## G. F. NIROAD, Appellant, v. F. F. FARNELL et al., Respondents.

PARTNERSHIP—CLAIM AND DELIVERY.—One partner cannot recover in an action of claim and delivery against a copartner, who has an equal right of possession with the plaintiff.

ID.—PLEADING — PROOF OF PARTNERSHIP UNDER GENERAL ISSUE.— Though no specific allegation of partnership is alleged in the answer, it is sufficient to defeat the action that the partnership was proved under the general issue to the satisfaction of the court.

ID.—NATURE OF PARTNERSHIP.—A partnership is a voluntary association of two or more persons for the purpose of carrying on business together and dividing the profits between them, based on the consent of the parties, as expressed in sections 2395 and 2397 of the Civil Code.

ID.—PARTNERSHIP, HOW PROVED—EXPRESS AGREEMENT NOT REQUIRED— ACTS AND DECLARATIONS OF PARTIES.—The voluntary association of partners may be shown without proving an express agreement to form a partnership; and a finding of its existence may be based upon a rational consideration of the acts and declarations of the parties, warranting the inference that the parties understood that they were partners, and acted as such.

ID.—PARTNERSHIP IN BOAT—SUPPORT OF FINDING.—Where the court found that there was a partnership in a boat, which was the subject of the action of claim and delivery, and appellant claims that the finding is unsupported, giving full credit to the testimony of the respondent, as the appellate court is required to do, the finding is supported, when the inference from his testimony is fair and reasonable, or necessary, that a partnership existed in the boat, and the business incident thereto.

APPEAL from a judgment of the Superior Court of Sonoma County.   Thos. C. Denny, Judge.

The facts are stated in the opinion of the court.

T. J. Butts, for Appellant.

W. F. Cowan, and W. E. McConnell, for Respondents.

BURNETT, J.—This is an action in claim and delivery to obtain the possession of a certain gasoline boat used for conveying passengers on Russian river between Russian River Landing and Monte Rio, in Sonoma county, and the complaint is in the usual form. The answer denies the ownership of plaintiff or his right to the possession of the property, and alleges ownership in defendant Farnell, and sets up as a separate defense that said defendant has a lien upon the property by virtue of services performed and materials furnished for said launch with the knowledge and consent of plaintiff. There is also an averment that by reason of an execution issued upon a judgment in favor of one Hoag against said defendant, the sheriff of Sonoma county had levied upon and taken possession of the property, but this feature may be dismissed from further consideration, as the court found that "before the commencement of this action said process lapsed and expired and said defendant John K. Smith [the sheriff] and William Loftus [the deputy], at the time of the commencement of this action did not have possession of said property," and besides, admittedly, the process could reach only whatever interest that defendant Farnell might have in the boat.

The decisive question in the cause is involved in the findings of the court that the plaintiff was not the owner of the property and "that about the month of April, 1905, plaintiff and defendant F. F. Farnell, as copartners and not otherwise, purchased and constructed said boat, and thereafter, as such copartners, operated the same for hire until about the month of April, 1906, when plaintiff left said Sonoma county, refused to contribute further to said copartnership or assist in care or management of said business thereof, and declined to be further responsible for any of the obligations thereof, and thereafter said last-named defendant continued to care for said boat and expended large sums in the repair and care thereof, and operated said boat under his own management, and has not been remunerated therefor by plaintiff, and that the said F. F. Farnell, with the knowledge and

consent of plaintiff, agreed to pay and discharge the obliga-
tions due Mrs. Niroad for the sum of $517, moneys advanced
by her to said copartnership for the purchase of the engine
in said boat, on the understanding and agreement that said
plaintiff had ceased to contribute to other obligations of said
copartnership.''

In fact, the finding that there was a partnership, if there
is sufficient evidence to support it, is all that need be con-
sidered, since in that event the plaintiff could not recover
in an action of claim and delivery, as the defendant would
have an equal right to the possession. This proposition is not
disputed, but it is claimed that the evidence is insufficient
to justify said finding.

It may be remarked that no specific allegation of partner-
ship is made in the answer, but no point is made as to this
and it is assumed that the proof is within the general issue.

We think the court's conclusion as to the partnership is
amply supported. A partnership, as defined by section 2395
of the Civil Code, is ''the association of two or more persons
for the purpose of carrying on business together and dividing
the profits between them.'' This necessarily implies that it
must be with the consent of the parties, but we have in sec-
tion 2397, Civil Code, the legislative declaration that ''A
partnership can be formed only by the consent of all the
parties thereto, and therefore no new partner can be ad-
mitted into a partnership without the consent of every ex-
isting member thereof.''

It is evident, though, that this voluntary association may
be shown without proving an express agreement to form a
partnership. The court may well base its finding upon a
rational consideration of the acts and declarations of the
parties. In the case at bar, giving full credit to the testi-
mony favorable to respondent, as we are required to do, the
inference is fair and reasonable that a partnership existed
in the boat and the business incident thereto. Although there
are other testimony and circumstances lending aid to the
court's conclusion, the following quotation from Farnell's
testimony ought to set the matter at rest: ''I came with my
wife to Monte Rio in April, 1905, and lived with her mother
and plaintiff. Niroad started to build the boat two weeks
afterward. Niroad and I worked together all the time. The

11 Cal. App.—49

money that paid for this boat came from Mrs. Niroad, plaintiff's mother. She said she would advance the money for the engine, as the 'boys,' as she called it, were going in together. We all lived together as one family and were supported by the proceeds of the boat. I was not paid wages. Niroad left in April, 1906, and didn't come back till July, 1907. During all his absence I cared for the boat. I expended $120 in 1906 and $75 in 1907 for repairs. In December, 1905, or January, 1906, he offered to sell his interest in the boat to me for $225. The operating expenses were paid from the revenue of the boat. The lumber, driving-gear, countershaft, friction gear and engine tools were paid out of the earnings of the boat. After these were paid the earnings for the first year were divided between plaintiff and myself, after taking out house fund of one dollar per day. Before we started to build the boat Niroad proposed that we build one and put it on the river and we could make some money, and I said all right. Mrs. Niroad said she would advance the money. Niroad never offered to pay me for the care of the boat or the moneys I expended in repairing it.'' The foregoing carries with it the necessary inference that the parties understood they were partners, acted entirely as such, and, indeed, that they expressly agreed to build and operate the boat together.

The other portion of the finding which we have set out also finds support in the evidence, but the establishment of the partnership is controlling, and renders unnecessary any further consideration of the evidence.

The argument of appellant and the authorities cited have received our careful attention, but they have not disturbed our confidence in the soundness of respondent's position. We find no prejudicial error in the record and the judgment is affirmed.

Hart, J., and Chipman, P. J., concurred.